959 F.2d 234
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Reginald S. MABONE, Plaintiff-Appellant,
v.
Cpl. R. YARBROUGH; Jack R. Owens; Ed Totten; William
Norris; Shelby County Board of Commissioners;
Corporal Robinson; Reginald Wilson; E.
Hill, Defendants-Appellees.
 No. 91-5963.
 United States Court of Appeals, Sixth Circuit.
 March 30, 1992.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Reginald S. Mabone, a Tennessee prisoner, appeals pro se and in forma pauperis from the district court's judgment dismissing his civil rights complaint filed under 42 U.S.C. § 1983. Additionally, he requests the appointment of counsel. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Mabone claimed in his pro se complaint that he was beaten by "respondents" while in the Shelby County Jail in Memphis, Tennessee. Because this case was dismissed due to a purely procedural defect, the substantive merit of Mabone's claim is not before the court for review. However, a review of the relevant procedural history is appropriate.
 
 
 3
 All of the defendant prison officials filed motions to dismiss. On August 8, 1990, a magistrate judge entered an order giving Mabone fifteen additional days to file a response to the defendants' motion to dismiss. The order contained the warning that if Mabone failed to file a response within fifteen days, the case would be dismissed for failure to prosecute. Mabone did not file a response, but rather, on August 22, 1990, filed a document asking for a "Continuance Order Form" and appointment of counsel. On May 7, 1991, the district court entered an order denying Mabone's motion for appointment of counsel and giving Mabone fifteen days to show cause why his case should not be dismissed pursuant to Fed.R.Civ.P. 41(b), for failure to prosecute. Unaware of the district court's May 7 order, the magistrate judge entered a separate order on May 13, 1991, giving Mabone an additional fifteen days to respond to the defendants' motions to dismiss, and further denied Mabone's motion for counsel. The magistrate judge noted that "[i]f no such response is filed [he] will recommend that the case be dismissed for failure to prosecute." On June 6, 1991, Mabone filed a pleading styled "Motion to Show Cause and Continuance Order." Thereafter, on June 11, 1991, the magistrate judge issued a report recommending that the case be dismissed for failure to prosecute. On June 18, 1991, Mabone filed a document in response to the report and recommendation. In an order dated June 25, 1991, the district court dismissed Mabone's civil rights action for failure to prosecute. This appeal followed.
 
 
 4
 Upon review, we affirm the district court's judgment. The standard of review under the rule governing dismissals for failure to prosecute, Fed.R.Civ.P. 41(b), is abuse of discretion. See Link v. Wabash R.R., 370 U.S. 626, 633 (1962); Jourdan v. Jabe, No. 90-1850, slip op. at 3 (6th Cir. Dec. 16, 1991); Guzowski v. Hartman, 849 F.2d 252, 258 (6th Cir.1988) (Krupansky, J., dissenting).
 
 
 5
 A civil rights action cannot be dismissed for failure to prosecute solely because the plaintiff fails to respond to a motion as required by a local rule. See Carver v. Bunch, No. 90-6553, slip op. at 5-7 (6th Cir. Oct. 9, 1991). On the other hand, "while pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." See Jourdan, No. 90-1850, slip op. at 1-2 (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972)).
 
 
 6
 No persuasive reason has been offered why Mabone should be accorded special consideration under the circumstances of this case. Mabone's civil rights action was not dismissed as the result of "inartful pleading or any lack of legal training," but rather because he failed to respond to the defendants' motions to dismiss within the readily comprehended court deadlines of which he was well-aware. That he comprehended their significance is evidenced by his having sought an extension on at least two occasions. The district court was generous in granting extensions which Mabone failed to utilize. Here, the district court concluded that Mabone's failure to pursue his case despite two extensions of time was unwarranted and merited dismissal. Since Mabone was aware of his obligation to proceed, and no special circumstances point to an abuse of discretion by the district court, the request for counsel is denied and the judgment dismissing the civil rights action is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.